Matter of Promenade Nelson Apts. LLC v New York State Div. of Hous. & Community Renewal (2025 NY Slip Op 03544)

Matter of Promenade Nelson Apts. LLC v New York State Div. of Hous. & Community Renewal

2025 NY Slip Op 03544

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 153870/23|Appeal No. 4550|Case No. 2024-00403|

[*1]In the Matter of Promenade Nelson Apartments LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent, New York Apartments Association, Amicus Curiae.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (David B. Cabrera of counsel), for appellant.
Mark F. Palomino Counsel, New York State Division of Housing and Community Renewal, New York (Robert Ambaras of counsel), for respondent.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Randi B. Gilbert of counsel), for amicus curiae.

Order and judgment (one paper) of Supreme Court, New York County (Shahabuddeen Abid Ally, J.), entered on or about January 3, 2024, which denied the petition to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated February 28, 2023, to the extent that it denied, in part, petitioner's application for a rent increase based on major capital improvements (MCIs), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, without costs, and the matter remanded to DHCR for further proceedings consistent herewith.
DHCR's application of part K of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) to petitioner's then-pending MCI application was rational and did not violate petitioner's right to due process (see Matter of 101 E. 16th St. Realty LLC v New York State Div. of Hous. & Community Renewal, 226 AD3d 494, 495 [1st Dept 2024], lv denied 42 NY3d 912 [2025]; Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal, 221 AD3d 440, 440 [1st Dept 2023], lv denied 41 NY3d 907 [2024]). Petitioner does not offer any compelling justification for revisiting our recent precedent on this issue (see Perella Weinberg Partners LLC v Kramer, 226 AD3d 523, 524 [1st Dept 2024]).
However, we remand to DHCR to reconsider this matter because it did not establish a rational basis for, among other things, its determination that, based on before-and-after photographs in the record, installations in petitioner's outdoor areas exceeded the scope necessary for restoring the previously existing features and therefore did not qualify as "other necessary work performed in connection with, and directly related to," the approved MCI (former 9 NYCRR 2522.4[a][2][ii]).
In addition, DHCR's February 28, 2023, order found that petitioner's argument that the disputed costs were necessary to make the new installations code compliant was unpreserved, without addressing the merits. On appeal, DHCR concedes the issue is preserved but now challenges the sufficiency of petitioner's evidence. Remand is therefore also required because DHCR did not address the merits of the code compliance issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025